## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROSE SALAZAR, individually and as
Personal Representative of the Estate of
LUCILLE SALAZAR, CATHERINE SALAZAR
and MANUEL MAESTAS

        Plaintiffs,

vs.                                                    No. CIV 04-0477 RHS/DJS

FORD MOTOR COMPANY, KING COUNTY
and UNKNOWN JOHN & JANE DOES,  jointly
and individually,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon Defendant Ford Motor Company's Motion to

Dismiss Plaintiff's Punitive Damage Claim [Doc. No. 9], filed August 23, 2004.  Having

considered  the motion,  the arguments and authorities propounded by the respective parties and

being otherwise fully advised in the premises, the Court finds that the motion is well taken and

will be granted.

Lucille Salazar was killed in a single vehicle rollover accident while driving Plaintiff

Manuel Maestas's 1997 Ford Expedition in Freemont County, Idaho.  Plaintiffs filed their

Complaint in New Mexico alleging strict liability, negligence and warranty claims against Ford

and seeking punitive damages.

Ford argues that judgment should be entered in its favor because the applicable Idaho law

forbids the pleading of a prayer for punitive damages in the complaint and  requires that plaintiffs

move to amend their complaint to seek punitive damages after a hearing where plaintiffs must establish a reasonable likelihood of proving facts sufficient to support an award of punitive damages.  As no such hearing has taken place, Ford argues, Plaintiffs lack authority to seek punitive damages under Idaho law.  Accordingly, Ford moves for partial summary judgment on Plaintiffs' punitive damage claim. In  response, Plaintiffs argue that summary judgment on this issue is inappropriate because the Idaho statute violates the New Mexico Constitution and because it conflicts with Fed. R. Civ. P. 8(a).

This personal injury action is before the court based on diversity jurisdiction. Before applying the forum state's choice of law methodology, the Court must first confirm that a true conflict exists between New Mexico and Idaho substantive punitive damages laws.  The Court is satisfied such a conflict exists.  There are two primary differences between the New Mexico and Idaho laws:  (1) New Mexico allows punitive damage claims to be filed as part of the original complaint, however,  Idaho does not permit a party to make a claim for punitive damages in its prayer for relief but instead requires that a punitive damage claim be made by a pretrial motion to amend; and (2) while New Mexico does not place limits on punitive damage awards,  the Idaho legislature caps punitive damage awards at $250,000 or an amount that is three times the compensatory damages.  Thus, because conflicts exist between the two states' laws the Court must make a choice of law determination.  The Court looks to  the choice of law rules of New Mexico (the forum state) to determine the substantive law which will apply to this case.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 495-97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Garcia v. Int'l. Elevator Co.,358 F.3d 777 (10th Cir. 2004).

In determining which state's law to apply in a tort action, New Mexico "generally follows

the doctrine of lex loci delicti," Torres v. State,  119 N.M. 609, 613, 894 P.2d 386, 390 (1995).

New Mexico courts have said that the "place of the wrong is the location of the last act necessary

to complete the injury."  Wittkowski v. State Corrections Dep't, 103 N.M. 526, 528, 710 P.2d 93,

95 (Ct.App.1985), overruled on other grounds by Silva v. State, 106 N.M. 472, 477, 745 P.2d

380, 385 (1987).  The lex loci delecti rule has been consistently applied by New Mexico courts in

automobile accident cases.  See, e.g. State Farm Auto Ins. Co. v. Ovitz, 117 N.M. 547, 549, 873

P.2d 979, 981 (1994).  Because the accident occurred in Idaho, New Mexico choice of law

principles therefore dictate that the substantive law of Idaho applies. See e.g., Purple Onion

Foods, Inc. v. Blue Moose of Boulder, Inc.,  45 F. Supp. 2d 1255, 1261-62 ( D. N. M. 1999).

In Idaho, "[i]t is well settled that punitive damages are not favored in the law  and should

be awarded only in the most unusual and compelling circumstances, and are to be awarded

cautiously and within narrow limits."  Manning v. Twin Falls Clinic & Hosp.,122 Idaho 47, 52,

830 P.2d 1185, 1190 (1992) (citations omitted).   Idaho courts have also made clear that:  "The

decision whether to submit the question of punitive damages to a  jury rests within the sound

discretion of the trial court."  Id. (citing Hoglan v. First Sec. Bank, 120 Idaho 682, 819 P.2d 100

(1991);  Eddins Constr. v. Bernard, 119 Idaho 340, 806 P.2d 433 (1991);  Soria v. Sierra Pac.

Airlines,  111 Idaho 594, 726 P.2d 706 (1986)).

Idaho Code 6-1604  Limitation on punitive damages states:

(1) In any action seeking recovery of punitive damages, the claimant must prove, by clear
and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party
against whom the claim for punitive damages is asserted.
(2) In all civil actions in which punitive damages are permitted, no claim for damages shall
be filed containing a prayer for relief seeking punitive damages. However, a party may, pursuant
to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for
relief seeking punitive damages. The court shall allow the motion to amend the pleadings if, after

3

weighing the evidence presented, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages. A prayer for relief added pursuant to this section shall not be barred by lapse of time under any applicable limitation on the time in which an action may be brought or claim asserted, if the time prescribed or limited had not expired when the original pleading was filed.

(3) No judgment for punitive damages shall exceed the greater of two hundred fifty thousand dollars ($250,000) or an amount which is three (3) times the compensatory damages contained in such judgment. If a case is tried to a jury, the jury shall not be informed of this limitation. The limitations on non-economic damages contained in section 6-1603, Idaho Code, are not applicable to punitive damages.

Idaho Federal District Courts have addressed the question of whether this statute is procedural or substantive in nature. See Doe v. Cutter Biological, 884 F. Supp. 602, 609-611 (D. Idaho 1994),  Windsor v. Guarantee Trust Life Ins. Co., 684 F. Supp. 630, 633 (D. Idaho 1988) (§Idaho Code  6-1604(2) is substantive and therefore controlling in federal court in a diversity case).  This Court also concludes that  Idaho Code § 6- 1604  is a matter of substantive law.

This conclusion, however, does not end the inquiry.   The place-of-the-wrong rule has not been applied rigidly by our Supreme Court.   Courts have found an exception to this conflict of laws rule when the law of a foreign state violates a fundamental principle of New Mexico public policy. Reagan v. McGee Drilling Corp., 123 N. M. 68, 70, 933 P. 2d 867, 869 (N. M. Ct. App. 1997);  Estate of  Gilmore, 124 N. M. 119, 124, 946 P. 2d 1130, 1135 (N. M. Ct. App. 1997); Torres v. State, 119 N. M. 609, 613, 894 P. 2d 386, 390 (N. M. 1995) (in a tort action, court will not follow the standard doctrine of lex loci delicti if such application would violate New Mexico public policy).  Plaintiffs argue that the lex loci delicti choice of law rule does not apply to this case because the Idaho statute violates a compelling New Mexico public policy.

In Torres,  the plaintiffs claimed that the negligence of the Albuquerque Police Department was a proximate cause of the murder in California of the plaintiffs' decedents.   The

4

Supreme Court held that " [p]ublic policy dictates that New Mexico law determine the existence of duties and immunities on the part of New Mexico officials, "  119 N.M. at 613, 894 P.2d at 390, and found that New Mexico law governed in that case. Although the <u>Torres</u> court found public policy considerations in that case prevented the application of  the  doctrine of lex loci delicti rule,  New Mexico policy does not always govern proceedings in a New Mexico court.   If so, New Mexico courts would always apply New Mexico law, because New Mexico law represents New Mexico policy. Such a practice would render toothless the place-of-the-wrong rule.  <u>See</u> <u>Reagan v. McGee Drilling Corp.</u>, 123 N.M. 68, 70, 933 P.2d 867, 869 (Ct.App.), cert. denied, 122 N.M. 808, 932 P.2d 498 (1997).   The question then is whether there is a New Mexico public policy which mandates abandoning the lex loci delecti rule in this case.

        Plaintiffs argue that the Idaho cap on punitive damages violates their  right to have a jury determine the amount of their damages. The Seventh Amendment of the United States Constitution provides:  "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."  Many federal courts  have held that statutory damage caps do not violate the Seventh Amendment, largely because a court does not "reexamine" a jury's verdict or impose its own factual determination regarding what a proper award might be.  <u>See, e.g.</u>, <u>Hemmings v. Tidyman's, Inc.</u>,  285 F.3d 1174, 1202 (9th Cir.2002) (holding Title VII's $300,000 damage cap does not violate the Seventh Amendment right to a jury trial); <u>Madison v. IBP, Inc.</u>, 257 F.3d 780, 804 (8th Cir.2001) (same), judgment vacated on other grounds, 536 U.S. 919, 122 S.Ct. 2583, 153 L.Ed.2d 773 (2002); <u>Davis v. Omitowoju</u>,  883 F.2d 1155, 1159-65 (3d Cir.1989)

5

(holding a $250,000 statutory cap on noneconomic damages in medical malpractice actions does not violate the Seventh Amendment right to a jury trial); Boyd v. Bulala, 877 F.2d 1191, 1196 (4th Cir.1989) (holding a $750,000 statutory cap in medical malpractice actions does not violate the Seventh Amendment right to a jury trial). Rather, the court simply implements a legislative policy decision to reduce the amount recoverable to that which the legislature deems reasonable.

Plaintiffs rely on Trujillo v. City of Albuquerque, 125 N. M. 721, 965 P.2d 305 (1998) which involved a constitutional challenge to the damages cap in the New Mexico Tort Claims Act ( TCA) as support for their contention that application of the Idaho law would violate Plaintiffs' rights guaranteed under the New Mexico Constitution. Although the court found that the TCA damages cap was unconstitutionally applied to the parties in Trujillo, the decision did not render the TCA cap invalid in all cases. Furthermore, New Mexico law provides for damage caps in other areas which have survived constitutional challenges. See Fed. Express Corp. v. U.S., 228 F. Supp. 1267, 1270-71 (D.N.M. 2002)(medical malpractice), Mieras v. Dynacorp, 925 P. 2d 518 (1996)( attorney fees in workers compensation). Accordingly, this Court finds that application of the Idaho punitive damage statute in the instant case does not violate the New Mexico Constitution.

Plaintiffs also argue that the Idaho statute at issue should not be applied to their case because it is in conflict with Fed. R. Civ. P. 8(a), relying on Cohen v. Office Depot, 184 F.3d 1292 ( 11th Cir. 1999), affirmed on proposition cited for, but reversed on other grounds, 204 F.3d 1069 (11th Cir. 2000). The defendant in Cohen moved to dismiss plaintiff's punitive damage claim because the Florida statute (which was similar to the Idaho statute applicable to this case) required the Plaintiff to submit to an evidentiary hearing and then obtain leave of the court. The

District Court granted the defendant's request, and then dismissed the Federal lawsuit because, without the punitive damage claim, the plaintiff could not satisfy the $75,000 jurisdictional amount in controversy requirement.  On appeal, the 11th Circuit held that the Florida statute was procedural in origin and consequently had no application to federal diversity cases.

In this matter, Plaintiffs allege that the Idaho statute, like the Florida statute in <u>Cohen</u>, conflicts with Federal Rule of Civil Procedure 8 (a) which  states, "a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks..."

The Eleventh Circuit in <u>Cohen</u> held  that a request for exemplary damages is not a "claim" within the meaning of Rule 8(a)(2) but instead  is only a  form of the relief prayed for as part of the claim.  It determined that the facts underlying the claim could be stated in the initial complaint thereby satisfying both Rule 8(a)(2) and the state statute.  Applying that reasoning to the instant case, the Court finds there is no conflict between § 6-1604 and Rule 8(a)(2).

The Eleventh Circuit determined, however,  that Rule 8 (a)(3) conflicted with the Florida statute at issue in the <u>Cohen</u> case. Although the Tenth Circuit has not addressed the issue, in <u>Jones v. Krautheim</u>, 208 F. Supp. 1173 (D. Colo. 2002), the court considered an alleged conflict between 8(a)(3) and a statute which, like §6-1604, prevents a plaintiff from including a prayer for exemplary damages in the initial complaint and in any amended complaint without leave of court. The court reasoned that "[t]his would create an obvious conflict between the statute and the rule were it not for the fact that Rule 8 imposes no timing requirement.  In practical use, Rule 8 does not and cannot operate in isolation, but instead must be considered in conjunction with Rule 15,

which anticipates liberal amendment of pleadings throughout the course of the litigation and, ultimately, to conform to the evidence and issues raised by the parties." Id. at 1178. The Court finds the Krautheim analysis of this issue to be persuasive.

The Idaho statute provides that Plaintiffs may, after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages. Because Plaintiffs have the opportunity to amend their initial complaint under the Idaho statute to comply with Rule 8(a)(3) before the issues are ultimately tried, the Court finds no practical conflict between §6-1604 and Fed.R.Civ.P. 8(a)(3).

IT IS THEREFORE ORDERED that  Defendant Ford Motor Company's Motion to Dismiss Plaintiffs' Punitive Damage Claim [Doc. No. 9], filed August 23, 2004 is GRANTED. Plaintiffs' punitive damage claim is hereby DISMISSED WITHOUT PREJUDICE as premature.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE